Leeper *v.* The State.

## DAVID LEEPER *v.* THE STATE.

CRIMINAL LAW. *Alibi.* The defense of an *alibi*, both in the trial of a criminal offense and when relied on upon a motion for a new trial to contradict a witness for the State, depends so much upon the attending circumstances, which can be under the view of the circuit judge only, that this court will not revise the finding of the jury or the action of the judge, even in a case where the conviction rests on circumstantial evidence, except the error be plain.

### FROM HAWKINS.

Appeal in error from the Circuit Court of Hawkins County.   NEWTON HACKER, J.

W. P. GILLENWATERS for Leeper.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

Conviction for breaking into the business house of the prosecutor, and stealing therefrom certain goods and money, his property.   The indictment was against Elijah Hord and the defendant, but the defendant, on his own motion, was granted a severance in the trial. Defendant appealed in error.

The evidence for the State is circumstantial, but sufficient to sustain the verdict.   The defense sought to establish an *alibi*.   Of the four witnesses introduced for this purpose, one of them did not see the defendant, and slept soundly in a loft by himself, on the

night of the burglary. The other three witnesses are the father, brother and sister of the defendant. They do prove that the defendant came to his father's house about dark on the night the offense was committed, bringing with him his children, one of whom, an infant, was unwell; that he slept on a pallet with his children, the witnesses each having a bed in the same room. Their testimony tends to show that the defendant remained all night in the room, and they express the opinion that he did. All of these witnesses concede, however, that they slept during the night. The brother says he was awakened three or four times by the attendance of defendant and his sister on the sick baby. The father says he was awakened several times. The sister testifies that she was up with the baby several times during the night, and saw the defendant on these occasions, both in the fore and after part of the night. The brother and sister prove that Elijah Hord, the prisoner's co-defendant, came into the room about eleven or twelve o'clock at night, the sister adding that he slept on the foot of the brother's bed with his clothes on, while the brother says that Hord took off his clothes and came into the bed with him. The sister does not give the number of times she got up, nor the length of the intervals between them. The father's house was within a mile and a half of the house broken into, and the crime may have been committed within one of those intervals. It is obvious, therefore, conceding the truth of the testimony of the witnesses, that, although persuasive, it is not conclusive of the point sought to be estab-

lished.   We cannot say that the preponderance of evidence is so strongly against the verdict as to require a reversal.

The judge declined to give certain instructions asked by the defendant's counsel.   These instructions were based on the idea that when two persons are indicted for the same offense, the proof must show that they either committed the offense jointly, or that one committed the offense while the other aided and abetted in such manner as to make him guilty.   But this is clearly not the law.   All persons aiding and abetting, or ready and consenting to aid and abet in any criminal offense, are, by statute, made principal offenders, and punished accordingly.   Code, sec. 4588.   Neither in the indictment nor in the proof is it necessary to notice the distinction in the degrees of principals.   1 Bish. Crim. Law, sec. 648; 2 *id.*, sec. 120.   If the testimony shows that either of the defendants jointly indicted committed the offense, or was present aiding and abetting, he may be convicted and punished without reference to the other.

One of the witnesses for the State testified that two days after the burglary, the defendant showed him silver money and a roll of bills similar to those stolen. On the motion for the new trial, the defendant made affidavit that he was surprised by the testimony of this witness, and that he was at work at a particular place from early in the morning until dark of the day when the witness said the defendant had shown him the money at another place.   He also produced the affidavit of one Lewis Leeper sustaining the state-

ment made. The effort, it will be seen, was to establish another *alibi*. It is obvious, however, that the precise day when the money was shown to the State's witness was not so material as the fact that it was shown. A mistake in the day by either the State's witness or the defendant's witness would render the proposed new testimony immaterial. And, at most, the new testimony would only tend to discredit the witness for the State. The propriety of granting a new trial with a view of letting in such a defense depends so much upon attending circumstances, which can be under the view of the circuit judge only, that this court will not revise his action except in a plain case of error *Thompson* v. *The State*, 5 Hum., 138. It is true this court, as suggested in the case cited, would feel less reluctance in revising the action of the court in such cases where the testimony on which the conviction was had was circumstantial than where it was direct. But, after all, it is the conviction of the defendant's guilt resulting from the testimony, whether direct or circumstantial, which should control the action of this court, and not the form of the evidence. Circumstances are often as convincing as positive proof. There is not enough in the affidavits relied on to put the court below in error.

Affirm the judgment.